UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61473-BLOOM

MICHAEL ELLIOT COLON,

    Plaintiff,

v.

BROWARD COUNTY JAIL, et al.,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Michael Elliot Colon's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, ECF No. [1] ("Complaint"), filed against Broward County Jail and Wellpath (collectively, "Defendants"). Also pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Application"). For the reasons set forth below, the Complaint is dismissed without prejudice and the Application is denied as moot.

    **I.**    **FACTUAL ALLEGATIONS**

Plaintiff has been confined to the Broward County Jail since November 17, 2019. ECF No [3] at 7. In January of 2020, he contracted MRSA at the Medical Unit of the jail. ECF No. [1] at 2. He alleges that he has undergone two surgeries to repair the damage MRSA caused to his left eye, but he still suffers from pain and vision loss. *Id.* Plaintiff alleges that the doctor who performed his second surgery has filed four requests to perform a third surgery that would repair Plaintiff's vision and alleviate his pain. *Id.* Plaintiff states that in the past month he has filed two grievances but has not received a response. *Id.* He has also spoken to "numerous nurses and two (2) doctors"

Case No. 21-cv-61473-BLOOM

at the Broward County Jail but "no one seems to want to help [him]!!" *Id.* (alteration added). As relief, Plaintiff seeks a third surgery to "repair the vision of [his] left eye to be done ASAP." *Id.* (alteration added).

## II.     STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under § 1915(e)(2)(B) or Federal Rule of Civil Procedure 12(b)(6). *See Pullen*, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Although the Court must liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (per curiam) (citation omitted). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . judges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted).

### III.    DISCUSSION

"While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment." *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). Because Plaintiff is a pretrial detainee at the Broward County Jail, the Court analyzes his claims under the Due Process Clause of the Fourteenth Amendment.

As pled, there are several deficiencies with Plaintiff's Complaint. Liberally construing Plaintiff's Complaint, he appears to raise claims of deliberate indifference to a serious medical

need against the Defendants. Pretrial detainees bring claims of deliberate indifference to medical needs under the Due Process Clause of the Fourteenth Amendment. *Gilmore v. Hodges*, 738 F.3d 266, 271 (11th Cir. 2013). "[H]owever, the minimum standard for providing medical care to a pretrial detainee is identical to the minimum standard required by the Eighth Amendment for a convicted prisoner, and thus [courts] analyze the claim under the decisional law of both amendments." *Id.* (alteration added); *see also Johnson v. City of Bessemer*, 741 F. App'x 694, 699 nn.4-5 (11th Cir. 2018) (per curiam) (stating that Eighth Amendment decisional law still applies to pretrial detainees' claims of deliberate indifference to medical needs after *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). "First, the plaintiff must prove an objectively serious medical need." *Id.* (citation omitted). "Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need." *Id.* (citation omitted).

"To establish . . . deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Id.* (citation omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam) (citation omitted).

Here, Plaintiff has not adequately pleaded a claim of deliberate indifference to a serious medical need. Plaintiff alleges that in January 2020 he contracted MRSA in his left eye while in the Medical Unit at Broward County Jail. ECF No. [1] at 2. To repair the damage caused by MRSA,

Plaintiff states he has already had two surgeries and requires a third surgery to repair his vision and alleviate his pain. *Id.* Plaintiff states that he has filed several grievances and spoken to "numerous nurses and two (2) doctors" but "no one seems to want to help [him]!!] *Id.* at 3 (alteration added). Plaintiff does not adequately identify any person(s) who allegedly disregarded his pain. Thus, Plaintiff has not alleged personal involvement of any defendant in the alleged constitutional deprivations. *See Iqbal*, 556 U.S. at 677 (under § 1983 "each Government official . . . is only liable for his or her own misconduct"). Likewise, Plaintiff's allegation that "no one seems to want to help" is unclear and, therefore, does not support this claim. In short, Plaintiff has not pleaded a facially plausible claim of deliberate indifference to serious medical needs.

Plaintiff lists the Broward County Jail as one of the Defendants. However, the governmental entity, Broward County, is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). If Plaintiff intends to bring an action against a municipality he must plead and show the following: "(1) that his constitutional rights were violated; (2) that the municipality had a *custom or policy* that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (emphasis added) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

A municipality may only be held liable under § 1983 "[w]hen a constitutional injury is caused by the execution of a government entity's policy or custom." *Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014) (per curiam) (alteration added).

> A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law.

*Groover v. Israel*, 684 F. App'x 782, 787 (11th Cir. 2017) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *Id.* (quoting *McDowell*, 392 F.3d at 1290).

Plaintiff has not stated a plausible claim that his constitutional rights were violated, nor has he alleged the existence of any custom or policy that constitutes deliberate indifference to that constitutional right. Thus, Plaintiff's claim against the Broward County Jail is due to be dismissed.

Finally, Plaintiff names Wellpath as a Defendant. In appropriate cases, a corporation acting under color of state law may be held liable for a custom or policy that causes a constitutional violation. *See Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) ("'[W]hen a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state' and 'becomes the functional equivalent of the municipality' under section 1983." (first alteration added) (quoting *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997))). However, Plaintiff has not made such allegarions. Furthermore, because Plaintiff has not stated a cognizable deliberate indifference claim, he cannot state a claim against Wellpath based on any allegation that any policy caused the alleged due process violation. *See Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." (alteration added)).

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED AS MOOT**.

Case No. 21-cv-61473-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 26, 2021.

*[signature]*

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Michael Elliot Colon
#251900797
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310